NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 9 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SYDNEY HOLLAND, an individual, | No. 20-55680 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-02604-SVW-RAO |
| v. | |
| TRAVELERS COMMERCIAL INSURANCE COMPANY, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted April 7, 2021**
Pasadena, California

Before: W. FLETCHER, WATFORD, and HURWITZ, Circuit Judges.

Sydney Holland appeals from the summary judgment entered in favor of

Travelers Commercial Insurance Company on her breach of contract claim.

Holland alleges that Travelers breached its duty to defend her in a lawsuit brought

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

by her former fiancé, Sumner Redstone.  We affirm.

An insurer's duty to defend in California is broad, but not limitless.  To be relieved of its duty, the insurer must prove that no potential for coverage exists under the policy.  *Pension Trust Fund for Operating Eng'rs v. Fed. Ins. Co.*, 307 F.3d 944, 949 (9th Cir. 2002).  Thus, Travelers had to show that "the facts alleged in the underlying suit can by no conceivable theory raise a single issue that could bring it within the policy coverage."  *Id.*

Travelers made that showing here.  None of the facts alleged in the Redstone complaint could conceivably trigger coverage under the relevant Travelers homeowners policies.  The gravamen of the complaint is that Holland intentionally participated in a willful and fraudulent scheme to acquire Redstone's considerable assets by taking "near total control" of his life.  The facts alleged support claims founded only upon intentional conduct, which is excluded from coverage under the policies.  Holland relies on unpleaded claims for false imprisonment or negligence, but even those claims could not give rise to the potential for coverage because they would be "inseparably intertwined" with the noncovered intentional conduct alleged in the complaint.  *Horace Mann Ins. Co. v. Barbara B.*, 846 P.2d 792, 798 (Cal. 1993).

**AFFIRMED.**